**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ART VAN FURNITURE, LLC, et al.,[1]<br><br>                      Debtors. | Chapter 7<br><br>Case No. 20-10553 (CTG) |
| ALFRED T. GIULIANO, in his capacity as Chapter 7 Trustee of Art Van Furniture, LLC, *et al.*,<br><br>                      Plaintiff,<br><br>vs.<br><br>NEW CLASSIC FURNITURE CORP.; FIRST-CITIZENS BANK & TRUST COMPANY d/b/a THE CIT GROUP,<br><br>                      Defendants. | Adv. Proc. No. 22-50171 (CTG) |

**CIT'S ANSWER TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF
PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 & 550**

Defendant First-Citizens Bank & Trust Company d/b/a The CIT Group[2] (the "Defendant"), by its undersigned attorneys answering the Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 & 550 dated February 24, 2022

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Art Van Furniture, LLC (9205) ("Art Van"); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of. Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198) ("Sam Levin"); and Comfort Mattress LLC 4463).

[2] At all relevant times to the Complaint, the legal entity which factored accounts associated with the Debtors and possibly received transfers from the Debtors was The CIT Group/Commercial Services, Inc. ("CIT Commercial Services"). First-Citizens Bank & Trust Company ("FCB", together with CIT Commercial Services, "CIT") had no relation or involvement with the Debtors at any time. On or about January 3, 2022, First Citizens BancShares, Inc., the parent company of FCB consummated a merger agreement with CIT Group Inc., the ultimate parent of CIT Commercial Services. Following the merger, CIT Commercial Services became a second-tier subsidiary of FCB. While the Complaint does not correctly name CIT Commercial Services, CIT Commercial Services is answering this Complaint as if it were properly named and for and on behalf of FCB.

(the "Complaint") of the plaintiff, Alfred T. Giuliano, in his capacity as Chapter 7 Trustee of Art Van Furniture, LLC, *et al.*, (the "Plaintiff") respectfully alleges as follows:

## THE PARTIES

1. Upon information and belief, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "1" of the Complaint and respectfully refers the Court to the docket of these proceedings and terms of the documents referenced therein for the provisions and import thereof.

2. Upon information and belief, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "2" of the Complaint and respectfully refers the Court to the docket of these proceedings and terms of the documents referenced therein for the provisions and import thereof.

3. Upon information and belief, CIT admits that FCB is a bank formed under the laws of the State of North Carolina, of which CIT Commercial Services is a second-tier subsidiary. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph "3" of the Complaint.

## JURISDICTION AND VENUE

4. Paragraph "4" of the Complaint calls for a legal conclusion for which no response is required.

5. Paragraph "5" of the Complaint calls for a legal conclusion for which no response is required.

6. Paragraph "6" of the Complaint is Plaintiff's consent to the entry of a final order or judgment by the bankruptcy court for which no response is required. The Defendant

also consents to the entry of a final order or judgment by the bankruptcy court as to all claims in the Complaint.

7. Paragraph "7" of the Complaint calls for a legal conclusion for which no response is required.

## BASIS FOR RELIEF REQUESTED

8. Paragraph "8" of the Complaint sets forth Plaintiff's description of this action for which no response is required.

## FACTS

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "9" of the Complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "10" of the Complaint because Plaintiff has failed to provide sufficient information to make a determination.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "11" of the Complaint because Plaintiff has failed to provide sufficient information to make a determination, but in any event deny that any Transfers made were preferential.

12. Defendant admits that all Transfers are subject in whole or in part to defenses under 11 U.S.C. § 547 (c). Defendant admits that Defendant bears the burden of proof pursuant to 11 U.S.C. § 547 (g) to establish any defenses under 11 U.S.C. § 547 (c). Defendant denies that the Plaintiff directed a Demand Letter to CIT. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph "12" of the Complaint.

**FIRST CLAIM FOR RELIEF**
**(Avoidance of Preferential Transfers—11 U.S.C. § 547)**

13. Defendant repeats and realleges the responses set forth in Paragraphs "1" through "12" above with respect to the allegations contained in Paragraph "13" of the Complaint.

14. Defendant denies CIT Commercial Services received the Transfers identified on Exhibit A of the Complaint.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "15" of the Complaint.

16. Defendant denies the allegations contained in Paragraph "16" of the Complaint.

17. Defendant denies the allegations contained in Paragraph "17" of the Complaint.

18. Defendant denies the allegations contained in Paragraph "18" of the Complaint.

19. Defendant denies knowledge or information to form a belief as to the truth of the allegations contained in Paragraph "19" of the Complaint.

20. Defendant denies the allegations contained in Paragraph "20" of the Complaint.

21. Defendant admits that any Transfers received have not been returned to the Plaintiff, however Defendant denies receiving any of the Transfers.

22. Paragraph "22" of the Complaint calls for a legal conclusion for which no response is required, but in any event Defendant denies that any Transfers may be avoided.

**SECOND CLAIM FOR RELIEF**
**(For Recovery of Property—11 U.S.C. § 550)**

23. Defendant repeats and realleges the responses set forth in Paragraphs "1" through "22" above with respect to the allegations contained in Paragraph "23" of the Complaint.

24. Paragraph "24" of the Complaint calls for a legal conclusion for which no response is required, but in any event Defendant denies that it is the initial, immediate or mediate transferee of the Transfers.

25. Paragraph "24" of the Complaint calls for a legal conclusion for which no response is required, but in any event Defendant denies that it is the initial, immediate or mediate transferee of the Transfers.

## FIRST DEFENSE

26. The Complaint fails to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable by Federal Bankruptcy Rule 7012(b). Specifically, the Defendant did not receive any of the alleged Transfers and Plaintiff is unable to prove that Defendant received any of the alleged Transfers.

## SECOND DEFENSE

27. The Complaint fails to satisfy the notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

## THIRD DEFENSE

28. The Transfers were (a) in payment of debts incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and the Defendant and (b) were (i) made in ordinary course of business or financial affairs of the Debtors and the Defendant; or (ii) made according to ordinary business terms. Accordingly, the Transfers may not be avoided pursuant to 11 U.S.C. § 547(c)(2).

## FOURTH DEFENSE

29. Subsequent to the alleged receipt of Transfers, Defendant gave new value to and for the benefit of the Debtors, not secured by an otherwise unavoidable security interest, on account of which new value the Debtors did not make an otherwise unavoidable transfer to or for the benefit of Defendant. The new value that Defendant gave to the Debtors was in amounts sufficient to diminish or eliminate any recovery that the Plaintiff alleges it is entitled to in the Complaint. Accordingly, the Transfers may not be avoided pursuant to 11 U.S.C. § 547(c)(4).

### **FIFTH DEFENSE**

30. The alleged Transfers to the Defendant was intended by the Debtors and Defendant to be a contemporaneous exchange for new value given to the Debtors and were in fact a substantially contemporaneous exchange. Accordingly, the Transfers may not be avoided by the Plaintiff pursuant to 11 U.S.C. § 547(c)(1).

### **SIXTH DEFENSE**

31. One or more of the alleged Transfers are not recoverable because they were prepayments or a return of unpaid goods and therefore were not made on account of antecedent debt.

### **SEVENTH DEFENSE**

32. The alleged Transfers are not recoverable from Defendant because Defendant was not a creditor of the Debtors with respect to the alleged Transfers at the time of the alleged Transfers.

### **EIGHTH DEFENSE**

33. The Transfers are not recoverable because the Transfers were not made to or for the benefit of the Defendant.

### **NINTH DEFENSE**

34. The Transfers are not recoverable because the Debtors were not insolvent at the time the Transfers were made.

### TENTH DEFENSE

35. The Transfers are not recoverable because the Transfers and any defenses that may be asserted by the Defendants should be equitably consolidated among the Debtors.

### ELEVENTH DEFENSE

36. The Transfers may not be recovered by Plaintiff pursuant to 11 U.S.C. § 550 because the Transfers are not avoidable pursuant to 11 U.S.C. § 547.

### TWELFTH DEFENSE

37. Defendant reserves the right to assert any other claims or defenses as may be available or become available to it during the course of these proceedings.

**WHEREFORE**, Defendants demand judgment:

(a) Dismissing the Complaint;

(b) For the costs and disbursements of this adversary proceeding; and

(c) For such other and further relief as the Court Deems just and proper.

Dated: October 3, 2022

**BIELLI & KLAUDER, LLC**

*/s/ David M. Klauder*
David M. Klauder, Esquire (No. 5769)
1204 N. King Street
Wilmington, Delaware 19801
Phone: (302) 803-4600
Facsimile: (302) 397-2557
Email: dklauder@bk-legal.com

and

**Thompson Coburn Hahn & Hessen LLP**
Mark S. Indelicato
Joseph Orbach
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400
E-mail: mindelicato@thompsoncoburn.com
jorbach@thompsoncoburn.com

*Counsel for CIT*